**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND D. JACKSON, Sr., | No. 14-17375 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01157-JAM-KJN |
| v. | |
| M. OSMAN, M.D., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 16, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and KOZINSKI and FRIEDLAND, Circuit Judges.

Jackson asserts that Defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissed the claims against Dr. Bick and Dr. Aguilera because Jackson had not exhausted his administrative remedies with respect to those claims, and it granted summary judgment to Dr. Osman. We may affirm on any ground supported by the record. *See Olson v. Morris*, 188 F.3d 1083, 1085 (9th Cir. 1999) (citing *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998)).

We grant Defendants' unopposed request for judicial notice of the records from Jackson's prior state court action in Solano County Superior Court, in which the claims against Dr. Bick, Dr. Aguilera, and Dr. Osman were dismissed with prejudice.[1] In light of these earlier state court proceedings, we affirm on the ground that Jackson's claims are barred by the doctrine of res judicata.

## I.

In California, claim preclusion applies when the cause of action in one proceeding is identical to the cause of action in a previous proceeding; the previous proceeding resulted in a final judgment on the merits; and the party against whom preclusion is being asserted was a party to the previous proceeding. *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). These elements are satisfied here.

---

[1] We also grant Defendants' unopposed request for judicial notice of the records from Jackson's state court action in San Francisco County Superior Court.

## A.

The causes of action in this federal proceeding and the prior state court proceeding are the same for purposes of California res judicata doctrine. Under California law, two proceedings involve the same cause of action if they are based on the same harm, even if the legal theories asserted in each are different. *Id.* Jackson's claims in the state court action and in this federal court action were based on the same harm—poor medical treatment resulting in the eventual amputation of Jackson's nose.

## B.

The prior proceeding resulted in a final judgment on the merits. In July 2012, Drs. Osman, Bick, and Aguilera were dismissed from the state lawsuit with prejudice. "[F]or purposes of applying the doctrine of res judicata . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." *Boeken*, 230 P.3d at 345 (citations omitted).

## C.

In the state proceeding, as in the federal proceeding, Jackson was the plaintiff and Drs. Osman, Bick, and Aguilera were the defendants.

## II.

We also note that even if Jackson's claims were not barred by res judicata, Jackson has not shown that Dr. Osman, at least, acted with deliberate indifference. Where doctors are "consistently responsive to [the prisoner's] medical needs" and there is no showing of "subjective knowledge and conscious disregard of a substantial risk of serious injury," there is no Eighth Amendment violation. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004). The district court properly accepted that "it was reasonable and within the standard of care for Dr. Osman to continue the course of treatment recommended by [the ENT specialist]." And, even if Dr. Osman's "index of suspicion [should have been] raised" due to Jackson's prior transplant, this suggests—at most—that Dr. Osman acted with negligence, not deliberate indifference.

## III.

We GRANT Defendants' unopposed request for judicial notice, and, for the foregoing reasons, we AFFIRM.